BAKER v. BAKER (two cases).

(Circuit Court of Appeals, Second Circuit. April 15, 1902.)

No. 81.

**1. INJUNCTION—USE OF TRADE-NAME.**

A manufacturer by the name of Baker, who had been enjoined from using in his business the name "Baker" or "Baker's" alone on labels, wrappers, advertisements, etc., or the name of "W. H. Baker & Co.," and who had been required to insert in lieu thereof the name "W. H. Baker, of Winchester, Va.," and also, in as prominent type, the statement, "W. H. Baker is distinct from the old chocolate manufacture of Walter Baker & Co.," was entitled to be protected from a competitor endeavoring to market his own products by the use of the same name on misleading circulars or otherwise.

**2. SAME—NOMINAL DAMAGES.**

In an action for an injunction and an accounting for the illegal use of a trade-name, where the evidence did not show that any one had purchased goods of the defendant supposing them to be the product of the complainant, or that a single customer had been lost by defendant's conduct, complainant was entitled to only nominal damages.

**3. SAME—LAWFUL USE OF CORPORATE NAME.**

Where the evidence in an action for injunction and an accounting for the illegal use of a trade-name showed that the complainant had nothing to complain of, except the use of a corporate name made up of the name of the owner of the defendant concern, with the name of his place of business attached, and which had not been selected unnecessarily or for the purpose of illegitimate competition, the complainant was not entitled to relief; it being immaterial whether the business was conducted as that of a corporation or that of an individual by the same description.[1]

Appeals from the Circuit Court of the United States for the Northern District of New York.

A. T. Gurlitz, for appellant.

Louis Marshall, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. These are appeals by the complainant from decrees in two actions in equity brought to restrain unfair competition in trade. In the first action there was a decree for the complainant for an injunction and for nominal damages, and in the second there was a decree dismissing the complainant's bill.

Prior to 1894 the chocolates and cocoas manufactured by the concern of Walter Baker & Co. had acquired great popularity with dealers and retail purchasers throughout the country. Their business had been long established; their products had always maintained a high quality of excellence; and the word "Baker," when applied to these articles, had come to represent to purchasers generally the products

[1] Use of corporate or firm name as trade-name, see notes to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 579; Kathreiner's Malzkaffee Fabriken Mit Beschraekter Haftung v. Pastor Kneipp Medicine Co., 27 C. C. A. 357.

of Walter Baker & Co. The word had become a trade-name of such value in the commerce of those articles that various persons of the name of Baker had been led to engage in making and selling them, in the expectation of marketing them as the products of the original concern. In 1894 the complainant, induced by this notion, commenced the manufacture and sale of chocolates and cocoas at Winchester, Va. He put them upon the market as those of "W. H. Baker & Co.," in packages simulating in various respects those of Walter Baker & Co., and became an extensive competitor with that concern. In 1897, in a suit brought against him by the successors of the original concern, he was enjoined from using in his business the name "Baker" or "Baker's" alone on labels, wrappers, advertisements, etc., or the name of "W. H. Baker & Co.," and was required to insert in lieu thereof the name "W. H. Baker, of Winchester, Va.," and also, in as prominent type, the statement, "W. H. Baker is distinct from the old chocolate manufacture of Walter Baker & Co." In August, 1899, the defendant commenced the sale, and later the manufacture, of chocolates and cocoas at Syracuse, N. Y.; being partly induced thereto, as the complainant had been, by the expectation of profiting by the trade-name of Baker, but also induced by the hope of diverting to himself some part of the business of the complainant. He put his articles upon the market as those of "Wm. H. Baker." He employed as his managing agent one Sanders, who had formerly been in the employ of Walter Baker & Co., and who had subsequently been employed by the complainant. Through Sanders he was able to approach the customers of the complainant; and, to do so more effectually, he issued circulars to them, simulating the circulars of the complainant, calculated to lead them to believe that orders sent to him would be filled by the complainant. He caused his circulars and the labels on his packages to be impressed with a notice which read, "Wm. H. Baker is distinct from the old chocolate manufactory of Walter Baker & Co.," but in both the circulars and labels his place of business was given at Syracuse. In October, 1899, the complainant filed a bill in equity against the defendant, alleging unfair competition in trade, and praying for an injunction and an accounting. In that action a preliminary injunction was granted, restraining the defendant from using in his circulars, or on his packages, or in his business, in any form, the words "W. H. Baker," or "Wm. H. Baker is distinct from the old chocolate manufactory of Walter Baker & Co.," but permitting him to use the name "William H. Baker" conjoined with "Syracuse." That action proceeded to an interlocutory decree by which the injunction preliminarily granted was made perpetual, and an accounting was ordered. Upon the accounting it was found by the master that the complainant was entitled to nominal damages only. The complainant filed exceptions to the master's report. These exceptions were overruled, and a final decree was entered in conformity with the interlocutory decree and the master's report.

During the pendency of this action the defendant changed his business methods, and conformed to the requirements of the preliminary

injunction. He not only did this, but he conformed his advertisements, packages, labels, etc., to the approval of the successors of Walter Baker & Co. He adopted as a trade-mark the words "Justice Brand," with a figure of Justice bearing the scales, and in other respects so differentiated the dress of his products as to minimize as far as possible the risk of confusion between them and those of the complainant. Before the final decree was entered he transferred his business, which had become an extensive one, to a corporation organized pursuant to the laws of the state of New York under the corporate name "William H. Baker, Syracuse, N. Y." Thereafter the complainant filed a second bill in equity against the corporation, alleging unfair competition, and praying for an injunction and an accounting. The action was prosecuted to a final hearing, and resulted in a decree of the court dismissing the bill. The complainant has appealed from the decree in each case.

We are satisfied that substantial justice has been done by each of the two decrees. The complainant, notwithstanding he commenced business under false colors, and occupied a position which did not commend him to the very solicitous consideration of the court, was entitled to be protected in the circumscribed use of his own name which had been accorded to him by a court of equity. He had no right to complain of the use by another of a rightful patronymic, and much less of the name of Baker, in selling the same class of products; but he has a right to complain if a competitor was endeavoring to palm off his own products as those of the complainant by the use of the same name, on misleading circulars or otherwise, and was entitled to be redressed. The evidence shows that the substantial grievance of the complainant is found in the conduct of William H. Baker at the inception and early in the history of his competition. This was remedied as to the future by the preliminary injunction in the first action. That injunction gave the full measure of relief to which the complainant, under the circumstances of the case, was entitled, except such a recovery for profits and damages as he might be found entitled to. The evidence upon the accounting failed to disclose that the complainant was entitled to any recovery of profits, or any except nominal damages, by reason of the defendant's conduct. It failed to disclose that a single person had purchased goods marketed by the defendant, supposing them to be the product of the complainant, or that the complainant had lost a single customer by the defendant's conduct.

We have examined with care the evidence in the record of the second action to ascertain whether the defendant in that action has, by its circulars, its advertisements, or the dress in which its goods have been presented, done anything of which the complainant can reasonably complain; and we have found nothing, unless he has cause to complain of the use of its corporate name. A part of that name is the place of business, and every person who deals with the defendant is thereby notified that its business domicile is not the domicile of the complainant. If the name had been selected unnecessarily, or for the purpose of illegitimate competition with the complainant,

we should not hesitate to enjoin its use. Wm. Rogers Mfg. Co. v. R. W. Rogers Mfg. Co. (C. C.) 66 Fed. 56; R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 576, 70 Fed. 1019. But it was selected without any element of bad faith or unfair use. It was not a new name, and it represented a widely known concern, engaged in a large business, which had acquired a valuable good will. For reasons of convenience, the owner concluded to reorganize the concern as a corporation, and, desiring to preserve the good will, he chose the name with which the good will was identified. He intended to remain the owner of the concern, and has remained its owner, as before. As regards the complainant, it is wholly immaterial whether the business is conducted as that of a corporation, or that of an individual, by the same description.

The decrees are affirmed, with costs.

LACOMBE, Circuit Judge. I concur in the result, but solely for the reason that the complainant does not come into equity with clean hands. It is true that, since the decrees against him in the suits brought by the original Walter Baker & Co., he has conformed to their requirements. Nevertheless he is still diverting some portion of the business of the original firm by reason of a confusion which he might easily terminate, although, under the decisions, a court might be powerless to give further relief against him. In my opinion, he never was, and is not now, a fair trader. The defendant's conduct has been equally reprehensible. The individual defendant began by a fraudulent effort to palm off his goods as the manufacture of the complainant, and it does not seem to me·that the corporation defendant has acted with any greater measure of fairness. Its name is so printed on the packages as to deceive the public; it has devised and still uses for one of its wrappers a color scheme closely imitating that of the complainant's; and its corporate name was selected, as it seems to me, in bad faith, and for the purpose of illegitimate competition with the complainant. The business methods of both sides have been, and still are, unfair; both are piratical traders, seeking to sell their goods on the strength of the reputation of another manufacturer, whose name was a household word throughout the country before either of them appeared; and, in my opinion, neither of them is entitled to equitable relief against the other.