WOLF BROS. & CO. v. HAMILTON–BROWN SHOE CO.

(Circuit Court of Appeals, Eighth Circuit.  November 17, 1908.)

No. 2,811.

1. TRADE-MARKS AND TRADE-NAMES (§ 3*)—MARKS SUBJECTS OF OWNERSHIP—DESCRIPTIVE NAMES.

   The term "The American Girl," used to designate women's shoes, is a geographical and descriptive, rather than an arbitrary and fanciful, name, and is not the subject of a valid trade-mark.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. § 3.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 5*)—MARKS SUBJECTS OF OWNERSHIP-NUMERALS.

   Numerals, used to designate particular styles of shoes, rather than the manufacturer, cannot be made the subject of a trade-mark.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 9; Dec. Dig. § 5.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 67*)—UNFAIR COMPETITION.

   A manufacturer, which has adopted a name or device not subject to appropriation as a trade-mark to designate its goods, is still protected in its use from unfair competition.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 78; Dec. Dig. § 67.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 70*) — UNFAIR COMPETITION—SIMULATION OF NAMES AND DEVICES.

   Complainant, a manufacturer of shoes, and its predecessors in business, used the name "The American Girl" to designate a woman's shoe, and extensively advertised the same, with the phrase "As good as its name" and the picture of a young woman.  It also used numerals "403," "404," etc., to designate different styles.  Defendant, a large manufacturer, subsequently commenced the use of the name "The American Lady" for shoes of its make, with the words "with the character of the woman," using also the picture of a young woman, and designating different styles by the same numbers used by complainant.  *Held*, that the simulation of complainant's names and devices in so many respects evidenced an intention to deceive purchasers, and constituted unfair competition, against which complainant was entitled to an injunction.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*]

   Sanborn, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

James L. Hopkins and Simeon N. Johnson (Wallace Burch, Alfred A. Eicks, and John E. Jones, on the brief), for appellant.

Paul Bakewell (Bakewell & Cornwall, on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and W. H. MUNGER, District Judge.

W. H. MUNGER, District Judge.  The record in this case discloses that complainant is a corporation, manufacturing women's shoes, at Cincinnati, Ohio; that in 1896, George F. Dana & Co. were manufacturers of shoes in said city, and adopted as a trade-mark

for women's shoes manufactured by them the words "The American Girl." In May, 1898, a copartnership under the name of Wolf Bros. & Co. acquired said business and trade-mark, and in 1899 said Wolf Bros. & Co. adopted and used in advertising and selling its American Girl shoes the catch phrase, "A shoe as good as its name," and used, in advertising, upon the top facing of the shoes, the picture of the head of a lady. In 1901 said Wolf Bros. & Co., for the purpose of designating certain styles of its American Girl shoes, adopted and advertised in its catalogues the numerals 403, 404, 407, and 408, and in its catalogue in 1904, for the same purpose, adopted an additional numeral, 397; and in their fall catalogue for 1904 Wolf Bros. & Co. adopted and had printed on its face cover a picture of Uncle Sam and a lady dancing a minuet. In June, 1905, the partnership of Wolf Bros. & Co. incorporated under the name of "The Wolf Bros. & Company," under the laws of the state of Ohio, and complainant then acquired all the assets of the partnership, including the good will and trade-marks.

The defendant is a corporation organized under the laws of the state of Missouri, and a large manufacturer of shoes at St. Louis, in said state. In August, 1900, defendant adopted as a trade-mark for women's shoes the words "The American Lady," with the picture of a lady. In October, 1903, it advertised with its American Lady shoes the catch phrase, "The shoe deserves its name." The defendant claims that this catch phrase was used by it in advertising upon one occasion only, and we dismiss it from further consideration. Thereafter it changed the phrase to the words, "With the character of the woman." In its fall catalogue of 1904 the defendant designated certain styles of its American Lady shoes by the same numerals used by complainant, to wit, 403, 404, 407, and 408, and in its fall catalogue of 1905 it also adopted the numeral 397. In its catalogue of 1904 defendant placed upon the face cover the picture of George and Martha Washington dancing a minuet.

This action was brought by complainant, in which it charges the defendant with infringing its trade-mark "The American Girl" by the use of the name "The American Lady" and the portrait of a young woman. It further charges the defendant with infringing the catch phrase "A shoe as good as its name" by using the catch phrases "The shoe deserves its name" and "With the character of the woman." It also charges the defendant with infringement by adopting its numeral numbers before mentioned for similar styles of shoes. It also charges defendant with unfair trade. Proofs were taken, and upon the hearing the Circuit Court dismissed complainant's bill, and the case is brought here on appeal.

The first question for consideration is whether the term "The American Girl" constitutes a valid trade-mark. We think it settled doctrine that geographical names cannot be appropriated to the exclusive use of one as a trade-name. Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151, 37 L. Ed. 1144; Delaware & H. Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581; Genessee Salt Co. v. Bur-

nap, 73 Fed. 818, 20 C. C. A. 27; Ill. Watch Co. v. Elgin Nat. Watch Co., 94 Fed. 667, 35 C. C. A. 237; Elgin Nat. Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365; Allen B. Wrisley Co. v. Iowa Soap Co., 59 C. C. A. 54, 122 Fed. 796. We also think that the name, as applied to women's shoes is descriptive merely, viz., shoes manufactured in America and to be worn by women, and not an arbitrary or fanciful name to indicate maker; hence the name "The American Girl," applied to shoes, is not the subject of a valid trade-mark. Nor can numeral numbers, when used to indicate styles rather than origin and manufacture, be the subject of a valid trade-mark. Shaw Stocking Co. v. Mack (C. C.) 12 Fed. 707; Dennison Mfg. Co. v. Thomas Mfg. Co. (C. C.) 94 Fed. 651. In this case we think that the numerals used by the complainant were for the purpose of indicating and designating the different styles of shoes, rather than the maker.

While it is true that a geographical name may not be exclusively appropriated as a trade-mark, yet a party, having adopted a geographical name as a designation of its goods, may be protected as against unfair trade. Pillsbury Washburn Flour Mills Co. v. Eagle, 86 Fed. 608, 30 C. C. A. 386, 41 L. R. A. 162; The French Republic v. Saratoga Springs Co., 191 U. S. 427, 24 Sup. Ct. 145, 48 L. Ed. 247. This is clearly illustrated in the case of Pillsbury Washburn Flour Mills Co. v. Eagle, supra, wherein it was held that complainants, who were manufacturers of flour at Minneapolis, Minn., and had designated their flour as "Minnesota," "Minneapolis," etc., were entitled to enjoin a party who sold flour manufactured at Milwaukee, Wis., from designating such flour as "Minnesota," "Minneapolis," etc. This was done because defendant, in using the names "Minnesota," "Minneapolis," etc., was expressing a falsehood, and endeavoring to palm off upon the public flour manufactured in Wisconsin as and for flour manufactured at Minneapolis. In this case, while complainant is not entitled to relief upon the ground that the words "The American Girl," or the numerals applied to its several styles of shoes, are valid trade-marks, yet it is entitled to protection from their use by the defendant in a manner and under circumstances constituting unfair trade; the essence of the rule being that one person shall not, in the sale of his goods, so act as to lead the public to believe that they are the goods of another.

The record discloses that complainant and its predecessors extensively advertised its shoes under the name "The American Girl," with the catch phrase before referred to, in various trade journals and in newspapers throughout the United States, but largely throughout the Southern states, and established an extensive trade therefor. Defendant is a much larger manufacturer of shoes than complainant, and has advertised much more extensively, expending something over $100,000 in advertising American Lady shoes after the bringing of this suit. It is plainly obvious, we think, that the words "The American Girl" and "The American Lady" are so similar as to cause confusion, and the evidence fully discloses such to have been the result.

The testimony of the vice president and superintendent of defendant, with reference to adopting the name "The American Lady," is that in the latter part of August, or the first of September, 1900, they assembled their traveling salesmen, for the purpose of making a selection of samples for the following season, and it was suggested at such meeting that some name be adopted for that line of women's shoes, and the name "The American Lady" was selected. He testifies that at that time he had never known or heard of shoes being made by Wolf Bros. & Co. of Cincinnati, or made and sold by any one, under the name of "The American Girl." It is further claimed on the part of the defendant that, when it used the catch phrases "The shoe deserves its name" and "With the character of the woman," it did not know, and had not heard, of complainant's catch phrase, "A shoe as good as its name;" that at the time they adopted the various numerals which had been theretofore adopted by complainant it did not know that complainant used such numerals to designate similar styles of its shoe "The American Girl."

To the adoption of the picture of George and Martha Washington dancing a minuet we do not attach much importance, as the evidence discloses that defendant had ordered engravings of the picture some months prior to the issuance to the public by complainant of its catalogue having engraved thereon the picture of Uncle Sam and a lady dancing a minuet. But we cannot believe that, at the time of the adoption by defendant of the name "The American Lady" for its shoes, it did not know that complainant used the words "The American Girl" for its shoes, as it appears that the salesmen who were assembled by defendant and adopted the name "The American Lady" had been traveling through the territory in which complainant's American Girl shoe had been sold and extensively advertised as such. The adoption by defendant of the catch phrases simulating that of complainant, adopting the same numerals that complainant had adopted, and, when complainant went back and adopted the additional numeral 397, then likewise immediately adopting the same, we cannot think took place without knowledge that it was following complainant in this regard. Had it only imitated complainant in one respect, it might well be said that it was innocently done and without knowledge of the previous adoption by the complainant; but the several acts of complainant being followed so closely in imitation by defendant is persuasive, if not conclusive, evidence that it was done with knowledge that it was imitating complainant. Actions of a similar character were held to overcome protestations of innocence and good faith in Fairbanks Co. v. Bell Co., 77 Fed. 869, 23 C. C. A. 554, National Biscuit Co. v. Baker (C. C.) 95 Fed. 135, and Hansen v. Siegel-Cooper Co. (C. C.) 106 Fed. 690.

That defendant's action in the several respects above enumerated was not taken without knowledge of complainant's rights we think is shown by the following circumstances: In January, 1901, Wolf Bros. & Co., on seeing one of defendant's advertisements of its shoes under the designation "The American Lady," immediately wrote defendant, calling its attention to the fact that they regarded it as an

infringement upon their trade-name "The American Girl." To this letter defendant answered, in substance, that it did not regard its use of the words "The American Lady," with the picture of a lady, as an infringement. To this Wolf Bros. & Co. replied, suggesting that, if defendant would further consider the matter, they thought it would come to the conclusion that it did constitute an infringement, and expressing a desire that the matter be adjusted between themselves without legal proceedings. To this letter defendant made no reply. Defendant's treasurer, upon cross-examination, in answer to the inquiry as to whether the first of the above letters was answered by him merely as a matter of courtesy between one house and another, or because there was merit in the contention set up by complainant in the letters, said:

"My answer was prompted solely by a feeling of courtesy and politeness, as I never seriously regarded their claim. In fact, coming from a house relatively obscure, it seemed to me more a joke than a matter of any serious importance."

In a question relative to the second of said letters written by complainant to defendant he was asked if the same was answered; if not, why not? To which he answered:

"If I did not answer the letter, it was because I did not think it of sufficient importance to waste the time necessary to do so. I do not remember that I did not reply to it, but my impression is that I did not."

It may be that some parties regard a complaint coming from one relatively more obscure as a joke, not a matter to receive serious consideration, and not of sufficient importance to waste the time necessary to answer; but in the courts the most obscure and lowly person is entitled to be received upon the same level as his opponent, and the claim that his opponent has trampled upon his rights is entitled to such time of the court as may be necessary to give it full and careful consideration, however small to others his claim may appear to be.

In some respects the markings upon the bottom of defendant's shoes and upon the cartons and boxes in which the shoes were placed were in simulation of those of complainant; but, as the simulation in these respects was discontinued by defendant upon the bringing of this suit, we will not extend this opinion by pointing out the similarity.

Legitimate competition in trade is not only the right of every person, but to be commended, when of public benefit. It is only when competition is deceptive that it is condemned by the law. While the term "The American Girl," as applied by complainant and its predecessors, was not subject to exclusive appropriation by them, it had, nevertheless, by their long-continued use of it, come to have a secondary meaning, indicative of the origin and manufacture of the shoes to which it was applied, and had come to be recognized in the trade as meaning that such shoes were those of the complainant and its predecessors. Whatever of good will and advantage resulted from this was the property of the complainant, and, while others were entitled to use the same or any similar term, because of

165 F.—27

its being common property, they could do so only on condition that they accompanied it with such distinguishing marks or matter as would plainly indicate that it was not being used with its secondary signification; that is, as pointing to the complainant as the manufacturer of the goods to which it was applied. Howe Scale Co. v. Wycoff, 198 U. S: 118, 25 Sup. Ct. 609, 49 L. Ed. 972; Donnell v. Herring-Hall-Marvin Safe Co., 208 U. S. 267, 28 Sup. Ct. 288, 52 L. Ed. 481.

Complainant is not guilty of such laches as to deprive it of an injunction; but we think an accounting should be limited to the time since the commencement of this suit.

Complainant is entitled to a decree enjoining the defendant from using the name "The American Lady," as applied to its shoes for women, when not accompanied with other matter clearly indicating that such shoes are of its own manufacture, and therefore not of complainant's, and from using, in connection with such name, as applied to its shoes for women, the numerals mentioned, or the catch phrase "With the character of the woman," or any other phrase in simulation of the phrase "A shoe as good as its name," and also to an accounting as before stated.

The decree of the Circuit Court is reversed, with directions to enter a decree in accordance herewith.

SANBORN, Circuit Judge (dissenting). If the alleged trademark were the "American Shoe," it would be invalid, because that term would constitute a geographical name of the shoe; but the title "The American Girl," when applied to a shoe, is, in my opinion, an arbitrary and fanciful name, and hence constitutes a valid trademark, when it comes to designate the origin or manufacture of the shoe. It was not a geographical description of the shoe, because it does not state or indicate that it was made, or sold, or used, in America. It was not, when first applied by the complainant to the shoe, and before he had taught the trade its meaning, descriptive of the shoe, or of its materials or characteristics (and that is the true test —Wellcome v. Thompson & Capper, 1 L. R. Ch. Div. 1904, 736, 742, 749, 750, 754; Keasbey v. Chemical Works, 142 N. Y. 467, 471, 474, 475, 476, 37 N. E. 476, 40 Am. St. Rep. 623), because it described nothing but a girl, and the term "American Girl" was just as descriptive of a coat, or a hat, or a glove, or a car, or an engine, or any other manufactured article, as it was of a shoe; that is to say, it was not descriptive of a shoe in any way whatever. It was nothing but an arbitrary, fanciful term, which the complainant, by means of its advertisements and its use, caused to indicate to the trade that the shoe to which it was applied originated in the complainant's shops and was made by it. For these reasons I am of the opinion that the term "American Girl," when applied to a shoe, constitutes a valid trade-mark; that the defendant infringed upon the right of the complainant thereto by the use of the term the "American Lady" to designate a class of shoes which it sold; and that on ac-

count of that infringement it should be enjoined from the use of that term, and should account to the complainant from the date of the filing of the bill.