## DONNELL *v.* HERRING–HALL–MARVIN SAFE COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 106.   Argued January 14, 15, 1908.—Decided February 3, 1908.

A stockholder, even though also an officer, of a corporation bearing his family name does not necessarily lose his right to carry on the business of manufacturing the same commodity under his own name because that corporation sold its good will, trade name, etc., and as a stockholder and officer he participated in the sale. He is not entitled, however, to use, and may be enjoined by the purchaser from using, any name, mark or advertisement indicating that he is the successor of the original corporation or that his goods are the product of that corporation or of its successor, nor can he interfere in any manner with the good will so purchased.

THE facts are stated in the opinion.

*Mr. George P. Merrick* and *Mr. S. S. Gregory* for petitioner:

A family surname is incapable of exclusive appropriation by anyone as against others of the same name, who are using it legitimately in their own business.

In the absence of contract, fraud or estoppel any man may use his own name in all legitimate ways and as the whole or part of a corporate name.

One corporation is not entitled to restrain another from using in its corporate title the name to which others have a common right.

The essence of the wrong in unfair competition, consists in the sale of the goods of one manufacturer or vendor, for those of another. And if competition is so conducted as not to mislead the public nor palm off the goods of one as those of another, no wrong exists.

The right of the individual to use his own name, reputation

and experience in that business or occupation for which he is best fitted, is important to the public as well as to the individual, and to deprive him of that right is in restraint of trade and against public policy.

The stockholders of a corporation which has sold its property, business and good will and has been dissolved, may, in the absence of individual contracts not to engage in competition, or after the expiration of such contracts by limitation, engage in competition to the same extent as anyone else. *Howe Scale Co.* v. *Wyckoff et al.*, 198 U. S. 118; *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540; *Singer Mfg. Co.* v. *June Mfg. Co.*, 163 U. S. 169; *Elgin National Watch Co.* v. *Illinois Watch Co.*, 179 U. S. 665; *Goodyear India Rubber Mfg. Co.* v. *Goodyear Rubber Co.*, 128 U. S. 598; *Canal Co.* v. *Clark*, 13 Wall. 311; *Columbia Mill Co.* v. *Alcorn*, 150 U. S. 460; *Lawrence Mfg. Co.* v. *Tennessee Mfg. Co.*, 138 U. S. 537; *McLean* v. *Fleming*, 96 U. S. 645; *Coats* v. *Merrick Thread Co.*, 149 U. S. 562; *Oregon Steam Navigation Co.* v. *Winsor*, 20 Wall. 64.

*Mr. Charles H. Aldrich* and *Mr. Lawrence Maxwell, Jr.*, with whom *Mr. Henry S. McAuley* was on the brief, for respondents:

The corporation is a distinct entity separate from its stockholders. But the theory of corporate entity is not allowed to protect fraudulent conduct, hide the truth or defeat the ends of public or private justice. *Northern Securities Co.* v. *United States*, 193 U. S. 197; *Anthony* v. *American Glucose Co.*, 146 N. Y. 407; *State* v. *Standard Oil Co.*, 49 Ohio St. 137, 177; *McKinley* v. *Wheeler*, 130 U. S. 630, 636; *Myers* v. *Kalamazoo Buggy Co.*, 54 Michigan, 215; 1 Purdy's Beach on Corporations, 6.

Stockholders are bound by those acts of their corporation which can only be taken with their assent, and to which they give assent by affirmative vote or acquiescence. Cook on Corporations, § 670, and cases cited; *Holmes, Booth & Hayden* v. *Holmes, Booth & Atwood Co.*, 37 Connecticut, 278, 294;

*Richmond Nervine Co.* v. *Richmond,* 159 U. S. 293; *Le Page Company* v. *Russia Cement Co.,* 51 Fed. Rep. 941; *Cement Co.* v. *Le Page,* 147 Massachusetts, 206; *Penberthy Injector Co.* v. *Lee* (Mich.), 78 N. W. Rep. 1074.

The name "Hall" having been so long identified with the safe business as to acquire a secondary meaning, the sale of that business as a going concern, including the trade rights and good will, passed to the purchaser the exclusive right to use the name in that business as against all parties participating in the sale. *Le Page Co.* v. *Russia Cement Co.,* 51 Fed. Rep. 941; *C. S. Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462; *Russia Cement Co.* v. *Le Page,* 147 Massachusetts, 206; *Menedez* v. *Holt,* 128 U. S. 514; *Hoxey* v. *Chaney,* 143 Massachusetts, 592; *Brown Chemical Co.* v. *Meyer,* 139 U. S. 548; *Richmond Co.* v. *Richmond,* 159 U. S. 293; Hopkins, Unfair Trade, 109, 110; *Dodge Stationery Co.* v. *Dodge,* 78 Pac. Rep. 879; *Myers* v. *Kalamazoo Buggy Co.,* 54 Michigan, 215.

The Hall's Safe Company, composed of the Halls who sold the original Hall's Safe and Lock Company to the respondent's predecessor, should be enjoined from the use of the word Hall in the safe business because: they have been paid for the name; they are estopped to assert a right to it; their use of the name Hall constitutes a fraud upon respondent. *Howe Scale Company* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118; *Peck Bros. & Co.* v. *Peck Bros. Co.,* 113 Fed. Rep. 291; *Chickering et al.* v. *Chickering & Sons,* 120 Fed. Rep. 69; *Royal Baking Powder Co.* v. *Royal,* 122 Fed. Rep. 337; *Singer Manufacturing Co.* v. *June Manufacturing Co.,* 163 U. S. 169; *Singer Manufacturing Co.* v. *Brent,* 163 U. S. 205; *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540; *The Le Page Company* v. *Russia Cement Co.,* 51 Fed. Rep. 941; *Russia Cement Co.* v. *Le Page,* 147 Massachusetts, 206; *Hoxie* v. *Chaney,* 143 Massachusetts, 592; *McLean* v. *Fleming,* 96 U. S. 245; *Frazer* v. *Frazer Lubricator Co.,* 121 Illinois, 147; *Charles S. Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462; *Levy* v. *Walker,* L. R. 10 Ch. D. 436; *Garrett*

v. *T. H. Garrett & Co.,* 78 Fed. Rep. 472; *Meyers* v. *Kalamazoo Buggy Co.,* 54 Michigan, 215.

Even if the Halls were at liberty to use their name in the safe-business, the decree of the court below should be affirmed because of petitioner's fraudulent conduct, which has rendered any qualified use of the name by him an injury to the respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This suit was brought in the Superior Court of Cook County, Illinois, by the Hall Safe and Lock Company against the Herring-Hall-Marvin Safe Company, and was removed by the latter to the United States Circuit Court. The bill sought to enjoin the defendant from representing itself to be the successor of the Hall Safe and Lock Company and otherwise, as need not be stated in detail. The defendant answered, denying the plaintiff's rights and setting up its own. At the same time it filed a cross-bill to which it made the petitioner Donnell, the president of the plaintiff company, a party, and by which it sought to enjoin the plaintiff and Donnell from carrying on the safe business under any name of which the word Hall is a part, or marking or advertising their safes with any such name, etc., unless made by the defendant or its named predecessors in business. The bill was dismissed by the Circuit Court, no appeal was taken, and it is not in question here. On the cross-bill an injunction was issued as prayed and an account of profits ordered. This decree was affirmed by the Circuit Court of Appeals. 143 Fed. Rep. 231; *S. C.,* 74 C. C. A. 361. Subsequently an injunction was granted by the Circuit Court of Appeals for the Sixth Circuit, but in much more limited form, after a consideration of the present case. 146 Fed. Rep. 37; *S. C.,* 76 C. C. A. 495. Later still a certiorari was issued by this court.

The facts are as follows: About sixty years ago Joseph L. Hall started a business of constructing safes, and in time at-

tached a reputation to his name. In 1867 he and his partners organized an Ohio corporation by the name of Hall's Safe and Lock Company, which went on with the business. (This was not the plaintiff, which is an Illinois corporation of much later date.) Hall was the president, a part or the whole of the time, until he died in 1889. He owned the greater part of the stock and his children the rest. In 1892 the Ohio company sold all its property, including trade-marks, trade rights and good will, and its business as a going concern, to parties who conveyed on the same day to the Herring-Hall-Marvin Company. Subsequently this company's property was sold to the Herring-Hall-Marvin Safe Company, the party to this suit. In its conveyance the Ohio Company agreed to go out of business and get wound up, which it did with the assent, it may be assumed, of all the stockholders. The stock belonged to the Hall family, and connections, and they, of course, ultimately received the consideration of the sale. A part consisted of stock in the new company, which was distributed to them at once, and a part was money paid to the selling company about to be dissolved. By election and under a contract made on the day of the sale Edward C. Hall, a son of the founder, became president of the purchasing corporation, the contract reciting that it was made as part of the inducement to the purchase, and he agreeing in it to hold the office until May 2, 1897, to devote all his time to the interests of the corporation, and, so long as it might desire to retain his services as stipulated, not to engage in any competing business east of the Mississippi River. Another son became treasurer under a nearly similar contract, and a son-in-law secretary.

Both sons resigned and left the service of the corporation August 1, 1896, and both were released, in writing, from their obligations under their contract. The next month the sons organized an Ohio corporation, under the name of Hall's Safe Company, which is party to the litigation in the Sixth Circuit, but is not a party here. The petitioner Donnell had been a selling agent of the original company, and afterwards of the

company that bought it out, having a place in Chicago, with a large sign, "Hall's Safes," on the front. In 1898 he, with others, organized the plaintiff, Hall Safe and Lock Company, the name differing from that of the original corporation only by not using the possessive case. This company does business in the petitioner's old place, with the old sign, and sells the safes of the present Ohio corporation as Hall's safes. It has accepted a decree forbidding it to go on under the above name. The question before us is upon the scope of the injunction finally issued, as we have stated, upon the cross-bill. That the petitioner contends is too broad, while the Herring-Hall-Marvin Safe Company contends that as against the Hall family and anyone selling their safes or standing in their shoes it has the sole right to the very valuable name Hall upon or for the sale of safes.

It no longer is disputed that the Herring-Hall-Marvin Safe Company is the successor of the original Hall's Safe and Lock Company, or that it has the right to use the word Hall. But it is denied that it has the exclusive right. The name does not designate a specific kind of safe, and yet may be assumed to have commercial value as an advertisement even when divorced from the notion of succession in business,—a sort of general good will, owing to its long association with superior work. So far as it may be used to convey the fact of succession it belongs, of course, to the Herring-Hall-Marvin Safe Company, and the narrower decree, made in the Sixth Circuit, was intended to prevent the present Ohio company from using any name or mark indicating that it is the successor of the original company, or that its goods are the product of that company or its successor, or interfering with the good will bought from it. But, as we have said, we presume that the word may have value, even when that idea is excluded, and when there is no interference with the good will or the trade name sold.

The good will sold was that of Hall's Safe and Lock Company. There is nothing to show that while that company was

going the sons of Joseph L. Hall could not have set up in business as safe makers under their own name and could not have called their safes by their own name, subject only to the duty not to mislead the public into supposing when it bought from them that it was buying their father's safes. Therefore it could not be contended that merely by a sale the father's company could confer greater rights than it had. But it was said that if a partnership had sold out by a conveyance in like terms the members would have given up the right to use their own names if they appeared in the firm name, that in this case the Halls received the consideration for the good will they had attached to their name, that they ratified the sale and necessarily assented to it, since otherwise the corporation could not have sold its property or have carried out its agreement to dissolve, and that under such circumstances a court ought to look through the corporation to the men behind it.

Philosophy may have gained by the attempts in recent years to look through the fiction to the fact and to generalize corporations, partnerships and other groups into a single conception. But to generalize is to omit, and in this instance to omit one characteristic of the complete corporation, as called into being under modern statutes, that is most important in business and law. A leading purpose of such statutes and of those who act under them is to interpose a nonconductor, through which in matters of contract it is impossible to see the men behind. However it might be with a partnership, *Russia Cement Co.* v. *Le Page,* 147 Massachusetts, 206, 211, when this corporation sold its rights everybody had notice and knew in fact that it was not selling the rights personal to its members, even if, as always, they really received the consideration, or, as usual, they all assented to its act. That it contracted for such assent, if it did, by its undertaking to dissolve, does not make the contract theirs. But the case does not stop there. The purchasing company had the possibility of competition from the Halls before its mind and gave

the measure of its expectations and demands by the personal contracts that it required. Those contracts were limited in time and scope and have been discharged.

A further argument was based on the confusion produced by the petitioner through his use of signs and advertisements calculated to make the public think that his concern was the successor of the first corporation and otherwise to mislead. This confusion must be stopped, so far as it has not been by the decree in force, and it will be. But it is no sufficient reason for taking from the Halls the right to continue the business to which they were bred and to use their own name in doing so. An injunction against using any name, mark or advertisement indicating that the plaintiff is the successor of the original company, or that its goods are the product of that company. or its successors, or interfering with the good will bought from it, will protect the right of the Herring-Hall-Marvin Safe Company, and is all that it is entitled to demand. See *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict*, 198 U. S. 118; *Singer Manufacturing Co.* v. *June Manufacturing Co.*, 163 U. S. 169.

*Decree reversed.*