### W. R. SPEARE CO. v. SPEARE et al.

(Court of Appeals of District of Columbia. Submitted March 2, 1920. Decided April 5, 1920.)

No. 3302.

1. **Trade-marks and trade-names** ⨺73(1)—**Anything calculated to mislead public regarding identity of business will be enjoined.**

Where defendant's husband bequeathed an undertaking business established by him to his brother, under whom plaintiff claims, if defendant or those claiming through her are doing anything calculated to lead the public to believe that the business which they are conducting is a continuation of the business of the husband or in any wise connected therewith, they will be enjoined.

2. **Trade-marks and trade-names** ⨺74—**Notice and advertisement likely to mislead public held infringement of rights in business.**

Where defendant owned the building in which her husband for many years conducted an undertaking establishment, which he bequeathed to his brother, under whom plaintiff claims, and defendant has established a similar business in such building, the posting of the notice, "No interruption to business during improvements," when no improvements were being made, and the publication of the announcement, "We have no

---

branches," were infringements of plaintiff's rights, as likely to mislead the public into thinking that defendant's business was established by her husband.

**3. Trade-marks and trade-names ☞73(1)—Person may use name or convey right, but use must not be misleading.**

Defendant, whose husband conducted an undertaking business, which he bequeathed to his brother, under whom plaintiff claimed, had a right to use her own name in an undertaking business, or to convey that right to another, but had no right to use it in a manner tending to mislead the public into thinking that such business was the one established by her husband.

Appeal from the Supreme Court of the District of Columbia.

Suit by the W. R. Speare Company against Virginia L. Speare and others. From a decree dismissing the bill, plaintiff appeals. Reversed, with directions.

W. C. Clephane and Paul V. Keyser, both of Washington, D. C., for appellant.

W. W. Millan, R. E. L. Smith, and Wm. G. Johnson, all of Washington, D. C., for appellees.

SMYTH, Chief Justice. W. R. Speare Company, a corporation, brought suit against the defendants, appellees, in which it asked that they be restrained from using the name "Speare" in their business as undertakers, or, if denied that relief, then that the use of the name be qualified in certain particulars; that it be awarded the profits made by the defendants through the use of the name, and also the damages suffered by it in consequence of that use. The court dismissed the bill on the ground that the use of the name was not an unlawful interference with the rights of the plaintiff, that no deception was practiced thereby, and that its use had little, if anything, to do in procuring business for them.

Willis R. Speare, under the name of W. R. Speare, was engaged in the undertaking business in this District from about the year 1872 until he died in 1907; his establishment acquired a reputation for efficiency, and his business became one of the largest of its kind in the District. By his will he transmitted the business, with the good will and reputation thereof, to his brother, Frank A. Speare. Immediately after his death his estate took charge of the business, and continued it until 1915 in the name of W. R. Speare; Frank A. Speare, the brother, being in charge. In 1915 Frank A. died. Thereupon Virginia L. Speare, widow of Willis R. Speare, announced her intention of immediately taking over the business and conducting it in her own interest, on the assumption, as alleged, that the bequest in favor of Frank A., contained in her husband's will, was not binding upon her.

The sons of Frank A., as administrators c. t. a. of his estate, commenced a suit in the Supreme Court of the District against her and one White, individually and as administrators c. t. a. of the estate of Willis R. Speare, to enjoin the action threatened by her. This suit resulted in a decree which found that the plaintiff was entitled to the business con-

ducted by Willis R. Speare at the time of his death, together with the good will thereof, and which restrained her and White—

"from directly or indirectly conducting or participating either as stockholders, partners, or otherwise, in the conduct of the business of undertaker or funeral director under the name of Willis R. Speare, or W. R. Speare, or under the name of the estate of Willis R. Speare, or W. R. Speare, or in any manner such as to lead the public to understand that any such business as may be conducted by them or any of them as aforesaid is the business of the said Willis R. Speare, or W. R. Speare, or that they or any of them are conducting the same as his successor or as the successor of the estate of the said W. R. Speare."

Soon after this decree was entered, the appellant was organized as a corporation by the plaintiffs in that case. It then acquired from the sons of Frank A. and from his estate the business of the Willis R. Speare establishment and the good will thereof, and was the owner of both when the present bill was filed. About the same time the defendant Virginia L. Speare and another opened an undertaking business under the name of V. L. Speare Company, the corporation appellee, and has ever since conducted the same.

It is asserted by the appellant that the use of the name "V. L. Speare Company" by the appellees leads the public to understand that the business carried on thereunder is the business established by Willis R. Speare; that the name was adopted by them for the purpose of obtaining the advantage of the reputation and established trade of that business, and for the purpose of deceiving the public; also, that the appellees by placing on the front of the building in which V. L. Speare Company, a corporation, does business, this notice, "No interruption to business during improvements;" by advertising, "We have no branches;" by causing to be printed in the telephone directory, "V. L. Speare Company, Undertakers;" by falsely stating in the same directory that Mrs. W. R. Speare resides at the place of business of the appellee corporation; by conspicuously displaying in V. L. Speare's place of business the picture of Willis R. Speare, have caused the public to believe that the V. L. Speare Company is the successor of Willis R. Speare, and that they have thereby violated the decree.

The appellees, in effect, admit the facts as just set out, but deny that they have violated in letter, spirit, or effect, any provision of the injunction, or infringed any right of the plaintiff or its predecessors in interest.

[1] The purpose of the decree referred to above is to enforce the provision of the will of Willis R. Speare bequeathing the business which he had established, with its good will, to his brother, Frank A. Speare, father of Almus R. and Willis B. Speare, doing business under the name of W. R. Speare Company, the appellant, and it must be read in the light of that fact. If Virginia L. Speare or those claiming through her are doing anything calculated to lead the public to believe that the business which they are conducting is a continuation of the business of Willis R. Speare, or is in anywise connected therewith, they must be stopped. Donnell v. Herring-Hall-Marvin Safe Co., 208 U. S. 267, 274, 28 Sup. Ct. 288, 52 L. Ed. 481.

[2] The building in which Willis R. Speare had conducted his establishment for so many years is owned by Virginia L. Speare, and the business of the appellees is carried on therein. On the front of the building they posted the statement, "No interruption to business during improvements." A photograph of the building fails to disclose that any improvements were being made at that time. The purpose, then, and we think the effect, of the announcement was to lead the public to think that there was no interruption in the business of Willis R. Speare, and that the appellees were conducting that business as his successors. So it is with the announcement, "We have no branches." This might well lead a person, who knew that Willis R. Speare had been conducting his business there, to believe that there was no other Speare engaged in the undertaking business, and, consequently, that appellees must be his successor.

In Stark Brothers Nurseries, etc., v. Stark (D. C.) 248 Fed. 154, 159, the announcements were:

"No connection with any other concern. The William P. Stark Nurseries is not connected or related in any way with any other nursery with similar name."

Commenting on this, the court said that these announcements, instead of absolving the defendants from the charge of unwarranted encroachment, "really invite the public to regard the defendants as the original Starks, and all others of similar name as interlopers in the nursery business in Missouri."

[3] Virginia L. Speare has a right to use her own name in the undertaking business, and hence to convey that right to another, but, subject to the limitation, that it must not be used in a manner tending to mislead. Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U. S. 554, 28 Sup. Ct. 350, 52 L. Ed. 616.

The facts in the Herring Case are not unlike those in this case. There it appeared that Joseph L. Hall had established an important business in the manufacture of safes and locks, which he transferred to a corporation called Hall's Safe & Lock Company, the stock of which was owned by him and his children. Later this corporation sold all its property, including trade-marks, trade rights and good will, and its business as a going concern, to the Herring-Hall-Marvin Company, which in turn sold to the Herring-Hall-Marvin Safe Company, petitioner in the action. After this, the sons of Joseph L. Hall formed a corporation, known as Hall's Safe Company. Suit was brought by the petitioner against the sons and their corporation to enjoin them from carrying on business under the name of Hall's Safe Company, or any other name calculated to make persons believe that they were dealing with the establishment founded by Joseph L. Hall, or with the petitioner, and also to enjoin them from advertising or marking their product as Hall's safes. The court held that, while the petitioner had by the transfers we have mentioned acquired the right to use the name "Hall," it was not an exclusive right; that Hall's sons could also use it, but that they could not do it, "either alone or in combination, in corporate name, on safes, or in advertisements, unless accompanied

by information that the defendant is not the original Hall's Safe & Lock Company or its successor. * * *" 208 U. S. 560, 28 Sup. Ct. 352, 52 L. Ed. 616. It further said that the sons "might have called attention to the fact that they were the sons of the man who started the business; they might have claimed their due share, if any, of the merit in making Hall's safes what they were. * * * But they would have been at the disadvantage that some names and phrases, otherwise truthful and natural to use, would convey to the public the notion that they were continuing the business done by the company, or that they were in some privity with the established manufacture of safes which the public already knew and liked. To convey that notion would be a fraud, and would have to be stopped. Therefore such names and phrases could be used only if so explained that they would not deceive." 208 U. S. 559, 28 Sup. Ct. 351, 52 L. Ed. 616. The court did not hold that relief could not be granted unless actual damages were sustained by the plaintiff, but restrained the defendant on the ground that the course of conduct pursued by it was calculated to deceive the public, that it was a fraud, and must cease.

In the Donnell Case, supra, which arose out of substantially the same facts, the court said that an injunction would issue "against using any name, mark, or advertisement indicating" that the one against whom the relief was sought was the successor of the original company, or interfering with the good will secured from it. Applying the doctrine of these cases to the case at bar, Virginia L. Speare has a right to use her name in business—may, if she wishes, state that she is the widow of W. R. Speare; but these things may be done by her only in such a manner as not to deceive. We do not think the plaintiff has shown any actual damages resulting from the things of which it complains.

The decree of the lower court is reversed, at the cost of the appellees, with directions to enter a decree prohibiting the appellees, their agents and employés, from using the word "Speare" as the name, or part of the name, of their business as undertakers, or in advertisements, telephone directories, signs, or statements of any nature, unless accompanied by the words "neither the successors of, nor connected with, the original W. R. Speare establishment," in appropriate juxtaposition therewith, and in conspicuous letters, and from making any statement, oral or otherwise, that they or any one of them is continuing the original business formerly done by W. R. Speare under that name at 940 F street, N. W., and now carried on by the defendants, or that they have any privity or connection by succession, inheritance, or otherwise, with said business, or that said original business is no longer in existence or is not being continued by the plaintiff herein.

Reversed.