## KOPPEL INDUSTRIAL CAR & EQUIP-<br>MENT CO. v. ORENSTEIN & KOPPEL<br>AKTIENGESELLSCHAFT et al.

Circuit Court of Appeals, Second Circuit.<br>April 9, 1928.

No. 134.

1. War ⊜12—German company, whose American branch was sold by Alien Property Custodian, may sell its goods within orbit of old American branch.

German company, whose American branch was sold by Alien Property Custodian, is not prohibited from selling its goods within orbit of its old American branch.

2. War ⊜12—German company, whose American branch was sold by Alien Property Custodian, again maintaining branches, may describe its goods by true name of maker.

German company, whose American branch was sold by Alien Property Custodian, again maintaining branches after the war, should be allowed to describe its goods by true name of the maker.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Koppel Industrial Car & Equipment Company against the Orenstein & Koppel Aktiengesellschaft, Orenstein & Koppel Company, Limited, and others. Decree for complainant (12 F.[2d] 1009), and defendants appeal. Decree modified, and, as modified, affirmed.

Appeal from a decree of the District Court for the Southern District of New York enjoining the defendants from competing with the plaintiff by the use of the words "Orenstein" and "Koppel" and in certain other ways.

The facts are stated at length in the opinion of this court upon the appeal from the injunction pendente lite herein, reported in 289 F. 446, to which reference may be had. Upon the trial, the evidence did not substantially vary from the contents of the affidavits then at bar, and the question now is whether the decree conforms with the plaintiff's rights then established.

Duer & Taylor and Hays, St. John & Moore, all of New York City (George Winship Taylor, John Schulman, and Arthur Garfield Hays, all of New York City, of counsel), for appellants.

Larkin, Rathbone & Perry, of New York City, and Reed, Smith, Shaw & McClay, of Pittsburgh, Pa. (Robert J. Dodds, of Pittsburgh, Pa., and Albert Stickney, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. Upon the appeal from the decree pendente lite, we said that the plaintiff was entitled to "the exclusive right to carry on the business in the United States with the right of protection of a court of equity from interference by the German corporation." We further said that "the sale was as complete as if it were a voluntary conveyance; * * * it is not the case of a sale in invitum." In the opinion we did not specify in just what respects the "interference" of the defendants should be forbidden, but into our mandate we incorporated a form of order which was to be "substantially" followed. The decree entered upon the trial incorporates the provisions of that order in its details, but, if its language be taken with

strictness, it goes so far as absolutely to prevent the defendants, though doing business under a quite dissimilar name and not representing themselves as the successors of the American branch, even from advertising and otherwise stating to the trade and to their customers, where the goods which they sell were made and who made them.

[1] While we are not disposed to reconsider the substance of a decision deliberately made upon the same showing, and the decree must therefore be in general affirmed as it stands, the order pendente lite was not intended to be used literally in drafting the decree. In saying that our order should be "substantially" followed, we left some latitude to the District Court, and under the decree now on appeal it is very hard to see how the defendants could successfully compete with the plaintiff or any other manufacturer. People are not likely to buy goods whose origin they cannot find out, and nobody asserts that the defendants may be altogether forbidden to sell within the orbit of their old American branch. Our first decision plainly presupposed that they might, and the law is so settled (Trego v. Hunt, [1896] A. C. 7), even when the transfer is voluntary.

[2] The defendants indeed argue that the decree goes too far in unconditionally forbidding them to adopt as their corporate style one which contains the names of any of the individuals who remain honestly connected with the business. Howe Scale Co. v. Wyckoff, Seamans, Benedict Co., 198 U. S. 118, 25 S. Ct. 609, 49 L. Ed. 972; Knoedler v. Glaenzer, 55 F. 895 (C. C. A. 2) 20 L. R. A. 733. They insist that the courts require no more in such cases than that the vendor shall so distinguish the names as to insure against confusion. Donnell v. Herring-Hall-Marvin Safe Co., 308 U. S. 267, 28 S. Ct. 288, 52 L. Ed. 481; Waterman Co. v. Modern Pen Co., 235 U. S. 88, 35 S. Ct. 91, 59 L. Ed. 142; Walter Baker, etc., Co. v. Sanders, 80 F. 889 (C. C. A. 2); Andrew Jergens Co. v. Bonded Products Corp., 21 F.(2d) 419 (C. C. A. 2); Myers Co. v. Tuttle (C. C.) 183 F. 235. Moreover the exception in cases where the defendant has adopted a name merely for the purposes of fraud does not apply to this case. Rogers Co. v. Wm. Rogers Co., 70 F. 1019 (C. C. A. 2); Clark Thread Co. v. Armitage Co., 74 F. 936 (C. C. A. 2). Although we cannot go so far as to allow such a corporate style without in substance reversing our earlier decision, it seems to us that the protection 'of the defendants in the right to compete at all, which we recognized, requires that they shall be

allowed to describe their goods by the true name of their maker. So far as this changes the terms of the order pendente lite, we will modify the decree.

The decree as entered will stand, but a clause will be added after the words: "The circular symbol containing the capital letters 'O A K' signifying Orenstein-Arthur Koppel." This clause will read as follows: "But nothing in the foregoing shall be understood to prevent the defendants from describing the goods sold by them to the trade in advertisements, catalogues, circulars, and otherwise, as manufactured in Germany by the German house of Orenstein-Arthur Koppel, or by whatever be the name of the maker when the goods are sold. Provided, however, that when the goods are so described the name of their maker is to be accompanied by the suffix, 'not connected with the Koppel Industrial Car & Equipment Company.' "

Decree modified as above, and, as modified, affirmed.