The bill is for maintenance based on constructive abandonment and refusal to support. The charge is extreme cruelty. *Page 604 
This was the defendant's third marriage, the complainant's first. He is beyond middle age, she is approaching it. She is partly blind of cataracts. They were married in 1925, in New York, and lived in the outskirts a few months when the defendant, conceiving that he had made a bad bargain, persuaded his wife to agree to a divorce for a consideration, and to obtain it sought to compromise her, and failing drove her from his home, it is claimed. Later the wife brought an action in the courts of New York for support and he counter-claimed for annulment because of fraud, claiming that she deceived him concerning her sight. The case was settled out of court, he making a settlement on her. After a spell there was a reconciliation and they moved to a farm in Ringoes, in this state, in June, 1927, where they cohabited until the following February, when she quit because of his cruelty, as she alleges. Her story, if sustained, would make out a case of vicious treatment, but it is not only met at every angle but is overcome by the testimony of disinterested witnesses. It may be that the defendant did not measure up to her demands of a kind and attentive husband, but it is far from being established that he was responsible for his wife leaving. On the contrary it is shown that she was as much responsible for the disagreements and turmoil in the home and as irascible and bellicose as he. It is impossible to find in the conflict of testimony that the blame for her departure is to be laid at his door. The complainant has failed to make out her case and her bill will be dismissed.
The counter-claim for divorce on the ground of extreme cruelty must go down for the same reason.
The second bill is to charge the farm at Ringoes, held by I. Nemeth, Incorporated, a corporation of the State of New York, of which he is the owner, with the wife's inchoate right of dower; the wife claiming that her husband caused the farm to be conveyed to the company to defraud her of her right. The evidence establishes the charge. The husband owned property in New York, which he procured his wife to convey to the company by fraud. It is found that *Page 605 
the wife parted with her interest in the New York property on fraudulent representation practiced upon her by the husband as part of his efforts to get rid of her. The New York property and other property in New York was sold or exchanged and eventually the proceeds found expression in the farm. The defendant furnished the purchase price for the farm and it is held by the company in trust for him. The title is in the company in evasion of the complainant's rights. She is entitled to have her rights declared. Brown v. Brown, 82 N.J. Eq. 40.