FRANK D. NEUBERT ᴇᴛ ᴀʟ. *v.* CHARLES NEUBERT.

[No. 51, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James M. Roche,* for the appellants.

*J. Craig McLanahan,* with whom were *France, McLanahan & Rouzer* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The question presented on this appeal was raised in the lower court by demurrer to the bill of complaint, which alleged in substance that the plaintiff, Charles Neubert, has been conducting in the City of Baltimore, since 1885, the business of shucking, packing, selling, and shipping oysters to various points throughout the United States; that he carried on the business for a number of years in his own name, but for the past twenty-five years in the name of "Chas. Neubert & Co."; that the business has been very successful because of the extensive advertising by the plaintiff of his oysters, and of their good quality, and has established a name for "Neubert Oysters" throughout the United States and parts of Canada; that "the name 'Neubert,' which is not a name commonly met with, has thus become associated in the minds of a great many purchasers, with shucked oysters"; and that the plaintiff was the only person in Baltimore engaged in shipping oysters under the name of "Neubert" prior to the use by the defendants of that name in the oyster shipping business. It was further alleged in the bill that the defendants, Frank D. Neubert, Leo Neubert, and Charles A. Neubert, have conducted in Baltimore, since the year 1921, the business of packing and shipping oysters under the name of "Castle Packing Company," but in the fall of 1931 they commenced to operate under the name of "Neubert Bros.," and have extensively advertised their business under that name, and that the defendants "have taken no adequate means to prevent misunderstanding in the minds of the purchasing public as to the identity of 'Neubert Bros.' with 'Chas. Neubert & Co.,' although they began using the name 'Neubert' in connection with the shipping of oysters long subsequent to the time when the plaintiff established himself in that field." It was averred that the action of the defendants in thus using the name "Neubert" without adequately explaining that they were not connected with the business of the plaintiff has caused confusion and misunderstanding in the minds of many purchasers of oysters throughout the United States, that, prior to the adoption by the defendants

of the name "Neubert" for their business, many orders for the plaintiff's oysters came by letter or telegram addressed simply to "Neubert, Baltimore," but, if the defendants are permitted to use that trade-name without explanation that it has no relation to the plaintiff's business, great confusion will exist, and that customers of the plaintiff have inadvertently sent orders to defendants, which were really intended for the plaintiff, and he has received orders and telegrams which he has forwarded to the defendants as the obviously intended recipients. The bill then alleges that the plaintiff requested the defendants either to avoid using the name "Neubert" for their trade purposes, or to use it with language indicating clearly that they were not connected with the business which the plaintiff has conducted, but the defendants refused to comply with either of those requests.

The arguments on appeal are in accord as to the principles of law invoked, but their application to the facts alleged by the bill is controverted. It is agreed that the defendants have the right to use their own surname as a designation of the partnership business in which they are engaged, and that the right of the plaintiff to require the defendants to employ distinguishing terms depends upon the question as to whether the previous use of the name by the plaintiff has become so associated with the product of his oyster packing industry that its unqualified adoption for a similar enterprise would involve unfair competition. In that event the plaintiff would be entitled to the benefit of the secondary meaning which the name had thus acquired, and it would be the duty of the defendants to respect that right by accompanying their use of the same surname with an explanation to the public that their business is distinct from that in which the plaintiff is engaged. *Herring-Hall-Marvin Safe Co. v. Hall's Safe Co.,* 208 U. S. 554, 559, 28 S. Ct. 350, 352, 52 L. Ed. 616, 620; *Stix, Baer & Fuller Dry Goods Co. v. American Piano Co.* (C. C. A.), 211 Fed. 271; *Stark v. Stark Bros. Nurseries & Orchards Co.* (C. C. A.), 257 Fed. 9; *W. R. Speare Co. v. Speare,* 49 App. D. C. 318, 265 Fed. 876; *Guth Chocolate Co. v. Guth* (D. C.), 215 Fed. 750; *Chickering v. Chickering*

& Sons (C. C. A.), 120 Fed. 69; *Walter Baker & Co., Ltd., v. Sanders* (C. C. A.), 80 Fed. 889; *Walter Baker & Co. v. Baker* (C. C. A.), 77 Fed. 181; *Stonebraker v. Stonebraker,* 33 Md. 252; *Nims on Unfair Competition* (2nd Ed.), sec. 37, p. 67.

In the first of the cases just cited, it was said by the Supreme Court in an opinion by Mr. Justice Holmes: "The principle of the duty to explain is recognized in *Howe Scale Co. v. Wyckoff, Seamans & Benedict,* 198 U. S. 118, 25 S. Ct. 609, 49 L. Ed. 972. It is not confined to words that can be made a trademark in a full sense. The name of a person or a town may have become so associated with a particular product that the mere attaching of that name to a similar product, without more, would have all effect of a falsehood. *Walter Baker & Co. v. Slack,* 130 Fed. 514, 65 C. C. A. 138. An absolute prohibition against using the name would carry trademarks too far. Therefore the rights of the two parties have been reconciled by allowing the use, provided that an explanation is attached. *Singer Mfg. Co. v. June Mfg. Co.,* 163 U. S. 169, 200, 204, 16 S. Ct. 1002, 41 L. Ed. 118, 130, 131; *Brinsmead v. Brinsmead,* 13 Times L. R. 3; *Reddaway v. Banham* (1896), A. C. 199, 210, 222; *American Waltham Watch Co. v. United States Watch Co.,* 173 Mass. 85, 87, 53 N. E. 141; *Dodge Stationery Co. v. Dodge,* 145 Cal. 380, 78 P. 879. Of course, the explanation must accompany the use, so as to give the antidote with the bane."

The demurrer in this case concedes, for the purposes of the present decision, that the name "Neubert," as used exclusively by the plaintiff in Baltimore during a long period of years, has become associated, in the minds of purchasers, with his oyster shucking, packing, and shipping business. While it is a natural and not a manufactured product in which he deals, the demand in the market for his oysters would be influenced by the care and skill with which they are selected and packed. It is admitted by the demurrer that the plaintiff's business has succeeded because of the good quality of the oysters which he has sold to his customers. If, as alleged in effect, he has developed for his business a reputation which

the name "Neubert" signalizes in the public mind, it is only just that other possessors of the name, who desire to use it for a competing business, should be required to exercise that right in such a way as to avoid an appropriation of the good will which the plaintiff's enterprise had previously created.

The order which overruled the demurrer also directed the issuance of a temporary injunction against the use by the defendants of the name "Neubert" in any advertisement, label, price list, or other literature in their oyster business, without accompanying it by the statement: "This firm has no connection with the original firm of Chas. Neubert & Co., oyster packers of Baltimore." There was a reservation to the defendants of the right to move for the dissolution of the temporary injunction after filing their answer. The provision in the order for the explanatory statement to be made by the defendants in their use of the trade-name is substantially in accordance with forms prescribed in the cases of *Walter Baker & Co., Ltd., v. Sanders, Chickering v. Chickering & Sons,* and *W. R. Speare Co. v. Speare, supra.*

> *Order affirmed, with costs, and case remanded for further proceedings.*