SOPHIE TELIS, complainant-appellant,

*v.*

JACOB TELIS and TELISE'S BARGAIN STORE, a corporation of New Jersey, defendants-respondents.

[Submitted February term, 1942. Decided May 14th, 1942.]

*Messrs. Altman & Backer,* for the appellant.

*Mr. William Charlton,* for the respondents.

The opinion of the court was delivered by

PERSKIE, J.

The question for decision in this cause, between husband and wife, is whether the advisory master erred in advising a decree dismissing that part of the wife's bill which sought to attach an inchoate right of dower to certain real estate, legal title to which was in a corporation formed by the husband for the alleged purpose of defrauding the wife and depriving her of her right of dower in and to the realty.

The bill of complaint filed by the wife sets forth two causes of action. The first cause of action was for support and maintenance. After hearing, an order was entered directing the payment by the husband of $15 a week to the wife. This order is not here challenged.

The second cause of action was predicated upon allegations that the husband caused real estate located at 223 South Connecticut Avenue, in Atlantic City, to be purchased in the name of a corporation owned and wholly controlled by him, solely for the purpose of defrauding his wife of her dower right in and to that real estate. Although at the hearing the husband offered to convey the property to his wife, he apparently suffered a change of heart and refused to carry out his promise. The advisory master then advised a decree dismissing this cause of action upon the ground that the proofs failed to disclose that any fraud was perpetrated. The wife has appealed from this decree.

Notwithstanding that there is considerable dispute over the legal effect of the proofs, the basic facts are, in the main, uncontradicted. The parties were married in New York in

1921. Two children were born of the marriage, a boy now nineteen years old and a girl now twelve years of age. The former is an invalid as a result of paralysis. Shortly after the marriage, the husband commenced periodically to disappear, on several occasions taking European trips. The husband deserted his wife in New York in 1933 and did not re-appear until April of 1937 when he called upon her to take her to Atlantic City to show her a store he was operating there. During the interval of his desertion, he failed to provide for his wife and children. From 1937, he contributed $40 a month for their support during the winter months. In the summer months they lived in one room, provided by the husband, in a rooming house in Atlantic City. They largely depended for sustenance, raiment and medical care upon the efforts of the wife and the charity of her friends and relatives.

On March 20th, 1939, the husband formed a corporation called Telise's Bargain Store and thereafter operated his business under that corporation name. The certificate of incorporation was filed in the county clerk's office on March 22d, 1939, but it does not appear when, if ever, the certificate was filed with the Secretary of State. One hundred shares of stock were purportedly issued, 98 to the husband, one to his son and one to Sarah Steinmetz. These shares, however, were never delivered to the owners but were retained by the husband, respondent herein. Approximately eight months later, on November 6th, 1939, the corporation entered into an agreement to purchase the aforesaid property, and on December 28th, 1939, a deed to this property was delivered to the corporation. The purchase price was $4,400 of which sum respondent paid in cash $1,331.41, the balance, exclusive of settlement charges, being secured by a purchase-money mortgage apparently executed by the corporation. It is against this property in the name of "Telise's Bargain Store" that the wife sought to attach her inchoate right of dower. It appears that the corporation is about to sell this property but the parties have stipulated that in the event of sale the proceeds will be left in escrow pending the outcome of this appeal.

We mark, at the outset, that under certain circumstances, Chancery has secured to a wife her inchoate right of dower in lands held by another to the use of her husband. Thus, for example, where a husband purchased property with his own funds, but took title in the name of his brother solely for the purpose of depriving his wife of her inchoate dower interest, it has been held that the wife may, by bill, secure her inchoate right of dower in order to prevent the legal title to the realty from passing to an innocent purchaser for value free and clear of that right. *Brown* v. *Brown, 82 N. J. Eq. 40; 88 Atl. Rep. 146.* And our courts have afforded a wife similar relief where a husband by fraud, and in furtherance of his desire to deprive his wife of her dower right, procured his wife's signature on a conveyance to a corporation. *Nemeth* v. *Nemeth, 104 N. J. Eq. 603; 146 Atl. Rep. 470.* The foundation for this relief lies in the provisions of our dower statute (*N. J. S. A. 3:37-1*) which entitled a wife to dower under certain circumstances, in real estate, "whereof her husband, *or another to his use,*" was seized of an "estate of inheritance" (italics supplied). The underlying reason for granting such relief lies in the fact that unless protection is afforded the legal holder of the title may as pointed out by the late Chancellor Walker, "convey the estate to an innocent purchaser, and thus estop her [the wife] from claiming her dower when it should be consummate." *Brown* v. *Brown, supra* (at *p. 43*). We do not think, however, that the instant case comes within the purview of these decisions. For we search the record in vain for proof to indicate the reason for the formation of the corporation by respondent. Fraud of course is never presumed but must be proved. *Cf. Wolosin* v. *Iavarone, 112 N. J. Eq. 409; 164 Atl. Rep. 488; Brand* v. *Quinn, 121 N. J. Eq. 260; 190 Atl. Rep. 324.*

Notwithstanding all this, we are of the mind that the relief sought should be granted upon the ground that respondent is in fact the owner of the realty and, therefore, his wife is entitled to her inchoate right of dower therein. For the wife is not only entitled to dower in real estate held to the use of her husband but also in real estate "whereof" the "husband" himself was seized of an estate of inheritance during coverture.

*N. J. S. A. 3:37-1.* If under the Dower Act a wife's dower right may be secured against one who holds to the use of her husband, in reason and justice she should, and we hold that she is, entitled to the same relief when, as here, the husband factually is the owner of the real estate, irrespective of the corporate form employed to veil that ownership.

The right of our courts, in a proper case, to pierce the corporate veil can not be gainsaid. The common exercise of that right does not trench upon the general principle that a "corporation is not an individual even if the individual owned all the stock of the corporation." *White* v. *Evans, 117 N. J. Eq. 1, 3; 174 Atl. Rep. 731; Jennings* v. *Studebaker Sales Corp., 112 N. J. Law 399; 170 Atl. Rep. 626; Jackson* v. *Hooper, 76 N. J. Eq. 592, 598 et seq.; 75 Atl. Rep. 568.* Nor does it trench upon the established principle that the legality of the existence of a *de facto* corporation may be attacked only by the state in a direct proceeding, by information in the nature of *quo warranto* proceedings. *Cf. St. John The Baptist, &c., Church* v. *Gengor, 121 N. J. Eq. 349, 357; 189 Atl. Rep. 113; Elizabeth Gas Light Co.* v. *Green, 46 N. J. Eq. 118; affirmed, 49 N. J. Eq. 329.* Rather is the common exercise of the right to pierce the corporate veil deeply and firmly rooted in the principle that our courts do not permit the doctrine of corporate entity to be used for the purpose of defeating justice. *Cf. Earle* v. *American Sugar Refining Co., 74 N. J. Eq. 751, 761; 71 Atl. Rep. 391; Stockton* v. *Central Railroad Co., 50 N. J. Eq. 52, 74, 75; 24 Atl. Rep. 964; 17 L. R. A. 97; J. J. McCaskill Co.* v. *United States, 216 U. S. 504, 516; 54 L. Ed. 590, 596; O'Donnell* v. *Herring-Hall-Marvin Safe Co., 208 U. S. 267; 52 L. Ed. 481.* For a discussion of most of the above cited cases see, *Garford Trucking, Inc.,* v. *Hoffman, 114 N. J. Law 522* (at *pp. 529, 530*); *177 Atl. Rep. 882.*

The proofs in the case at bar clearly satisfy us that the respondent and not Telise's Bargain Store, the corporation, owns the real estate. The corporation was never perfected; respondent held all of the stock notwithstanding that the two shares were in the name of others; there never was a formal meeting; no by-laws were ever adopted and corporate

funds were intermingled with respondent's funds and used in payment of respondent's personal obligations. Form and not substance was effected. These and all other circumstances in the case entirely convince us that the corporate creation was, and its existence is, a mere sham, a mere subterfuge, a mere instrumentality employed for concealing the truth and, therefore, in the equitable sense, fraudulent.

The denial of the wife's statutory right of dower, under the circumstances of the case at bar, defeated the relief to which she was justly entitled and, therefore, can not be permitted. She is entitled to have her statutory right of dower in and to the premises in question secured to her. We so hold.

In view of our disposition of this cause, no discussion of the other points argued is necessary.

The decree is reversed, with costs. The cause will be remanded to the Court of Chancery there to be treated consistently with this opinion.

*For affirmance*—HEHER, COLIE, WELLS, HAGUE, THOMPSON, JJ. 5.

*For reversal*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, PERSKIE, PORTER, DEAR, RAFFERTY, JJ. 8.