BURTON, PARSONS & CO., Inc.
and
J. S. Tyree, Chemist, Inc., Plaintiffs,
v.
J. Fred PARSONS, Frederick Burton Parsons
and
Parsons Pharmaceuticals, Inc., Defendants.

BURTON, PARSONS & CO., Inc.
and
J. S. Tyree, Chemist, Inc., Plaintiffs,
v.
Catharine B. PARSONS, Defendant.

Civ. Nos. 689–56, 3962–56.

United States District Court
District of Columbia.

Nov. 21, 1956.

Frost & Towers by George A. Chadwick, Jr., Washington, D. C., for plaintiffs.

J. Grahame Walker, Washington, D. C., for defendants.

LAWS, Chief Judge.

On September 28, 1949, John H. Burton, Katherine H. Burton, J. Fred Parsons and Catharine B. Parsons, owners of the stock of Burton, Parsons & Co., a District of Columbia corporation, contracted to sell their business for $400,000 to J. S. Tyree, Chemist, Inc., who shortly thereafter organized a Delaware corporation, Burton, Parsons & Co., Inc., to carry on the business. Among the provisions of the contract was one providing that Frederick Burton Parsons, son of J. Fred and Catharine B. Parsons, who for some time previously had been employed by Burton, Parsons & Co., the District of Columbia corporation, should be employed as general manager of the business for a period of ten years. He was to be paid a salary and commissions plus 20% of the common stock of the corporation. The contract further provided that the sellers would not at any time during the next ten years engage in any business similar to that being carried on by Burton, Parsons & Co.

Frederick Burton Parsons thereafter became general manager of Burton, Parsons & Co., Inc., the Delaware corporation, and remained as such until April 21, 1955, when he resigned. On May 17, 1955, Parsons Pharmaceuticals, Inc. was organized with Frederick Burton Parsons as President and engaged in the manufacture and sale of bulk laxatives in competition with Burton, Parsons & Co., Inc. J. Fred Parsons (lately deceased) and Catharine B. Parsons as-

sisted their son, Frederick Burton Parsons, in obtaining funds used to organize Parsons Pharmaceuticals, Inc.

On February 15, 1956, Burton, Parsons & Co., Inc. and J. S. Tyree, Chemist, Inc. brought suit for an injunction against Frederick Burton Parsons and Parsons Pharmaceuticals, Inc. and made claim against Frederick Burton Parsons for part return of stock of plaintiff corporation (Civil Action 689–56). With this case there was consolidated for trial a suit brought by plaintiffs against Catharine B. Parsons (Civil Action 3962–56) seeking to enjoin her from making funds available to defendants for further carrying on of their business in competition with plaintiff.

 The contract to which Mr. and Mrs. Parsons were parties, including as one of its provisions the employment of their son Frederick Burton Parsons, became binding on the latter as to all of its terms when, by his acceptance of employment and acting as general manager for approximately five of the ten years specified in the contract, he approved and ratified such contract. The agreement of the parents not to engage in competition was at least as important as the consideration which brought about the employment of Frederick Burton Parsons. It is significant that the period of employment of Frederick Burton Parsons was for ten years, precisely the time plaintiffs were to be protected against competition by the sellers of the business. It is also significant that Frederick Burton Parsons previously had been employed in the original company, had been active in its affairs, and had knowledge of its confidential list of customers. Under the circumstances any competition by him would be equally as damaging to plaintiff as competition by any others mentioned in the contract. Accordingly the Court finds that when husband, wife and son, all of whom obtained substantial benefits from the contract, at a later time combined to make the son a serious competitor with plaintiff Burton, Parsons & Co., Inc. they clearly violated the spirit, if not the letter, of said contract.

There is a further reason which constrains the Court to find that Frederick Burton Parsons was under obligation not to compete with plaintiff. Having accepted employment by plaintiff as its general manager for ten years, he became bound as a fiduciary not to compete with his employer during that period. The Court finds he withdrew from this position at the end of five years without legal cause. By so doing, he was not relieved of his obligation as a fiduciary for the remainder of the period called for by the contract.

There can be no question but that Frederick Burton Parsons did compete and is now competing with plaintiff Burton, Parsons & Co., Inc. He has manufactured, and now continues to manufacture, the same type of product (bulk laxative), uses the same style of advertising, the same colored advertising folders long in use by plaintiff, and the same language for many years previously used by plaintiff in advertising its products. He further appears to have contacted a number of the same physicians who were accustomed to rely on the quality of products manufactured by Burton, Parsons & Co., Inc.

 Since Burton, Parsons & Co., Inc. did a national business in the United States, the agreement not to compete for ten years is reasonable as to territory and time. The Court is not impressed by the argument that the territory mentioned in the agreement must be construed as unreasonable because it included the entire world. Under the circumstances of this case, a reasonable interpretation of the agreement is that it was intended to protect plaintiff against competition in the United States, where plaintiff has done and is now doing business.

Plaintiffs claim irreparable injury not only as the result of competition, but further that since defendant Frederick Burton Parsons advertises to the public, rather than confining his advertising to physicians, as plaintiff Burton, Parsons & Co., Inc. has done throughout its existence, there is occurring a confusion of

products as between plaintiff and defendant Parsons Pharmaceuticals, Inc., and also by reason of defendant's procedure, plaintiff Burton, Parsons & Co., Inc. is likely to lose its long established business with physicians. The Court agrees with this position.

Plaintiff's counsel has stated that notwithstanding they claim the legal right to enjoin defendants from any competition until the expiration of ten years from the date of the contract, they do not seek to deprive defendant Frederick Burton Parsons from carrying on a competing business or from using his own name in carrying on such business during such period. At oral argument, counsel stated the relief sought is that defendants in their advertising and correspondence be ordered by this Court to make clear that Parsons Pharmaceuticals, Inc. is not a successor, assignee or reorganization of Burton, Parsons & Co., Inc. or otherwise associated with it. This is the minimum relief against competition to which plaintiff is entitled. Donnell v. Herring-Hall-Marvin Safe Co., 1908, 208 U.S. 267, 28 S.Ct. 288, 52 L.Ed. 481; Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 1908, 208 U.S. 554, 28 S.Ct. 350, 52 L.Ed. 616; W. R. Speare Co. v. Speare, 1920, 49 App. D.C. 318, 265 F. 876.

Plaintiffs claim the right to an order of Court directing Frederick Burton Parsons to return part of the stock of Burton, Parsons & Co., Inc. which was assigned to him as part consideration for his employment as general manager for ten years. The assignment of 20% of the stock of Burton, Parsons & Co., Inc. was made to Frederick Burton Parsons in the first five years of the contract as provided by the contract. But this is no indication that such assignment was to be part compensation for only the first five years of employment. On the contrary, the contract indicates that the assignment of 20% of stock was part consideration for the whole term of employment. Having found that without legal cause, Frederick Burton Parsons terminated his employment after serving only approximately five of the ten years provided for by the contract, he is legally obligated to return the percentage of stock he had not earned.

The granting of an injunction against Frederick Burton Parsons and Parsons Pharmaceuticals, Inc., seems to afford at this time adequate and complete remedy to plaintiffs by way of preventing unfair competition to the extent they seek to be granted relief. There is no evidence that defendant Catharine B. Parsons in Civil Action 3962–56 is about to advance further capital to defendant Frederick Burton Parsons, or that the Parsons Pharmaceuticals, Inc. presently is in need of funds to carry on its business. This Court will be available for appropriate relief against defendant Catharine B. Parsons if in the future the necessity arises.

From what has been stated, an injunction will issue against defendants Frederick Burton Parsons and Parsons Pharmaceuticals, Inc. as sought by plaintiff. Defendant Frederick Burton Parsons will be ordered to make partial return to plaintiff of the common stock of Burton, Parsons & Co., Inc. Civil Action 3962–56 against Catharine B. Parsons will be dismissed, without prejudice.

Proposed findings of fact, conclusions of law and order of Court will be submitted within ten days from this date.