86 N.J. Super. 236 (1965)
206 A.2d 601
MAGIC FINGERS, INC., PLAINTIFF,
v.
WILLIAM C. ROBINS, JERRY F. GIRARDI AND SERVICES INTERNATIONAL, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 18, 1965.
*237 Messrs. Pitney, Hardin & Kipp, attorneys for plaintiff (Mr. Clyde A. Szuch and Mr. Harold J. Wallum, appearing).
Messrs. Toolan, Haney & Romond, attorneys for defendants (Mr. John E. Toolan, appearing).
HERBERT, J.S.C.
Plaintiff seeks an interlocutory injunction. The individual defendants, Robins and Girardi, are plaintiff's former employees. The corporate defendant is their present employer. The only bases for relief asserted in the complaint are contracts signed by Robins and Girardi while employed by plaintiff. The following language is found in each of these papers:
"* * * for a period of three years after the termination of your employment with the Company for any cause, you will not directly or indirectly engage in any business which shall be in competition with the business of the Company, and you consent that the Company may, regardless of remedies available at law or for damages obtain an injunction in any court having jurisdiction in the matter restraining you from such conduct."
Plaintiff manufactures and sells a motor-driven device which can be attached to a bed and operated to make the spring and mattress vibrate. The corporate defendant is in the same business. Plaintiff conducts its business from a location on Route 17 in Bergen County. The corporate defendant has its headquarters in Newark. Defendant Robins was, prior to some time in October 1964, plaintiff's national sales director for hotel sales. Defendant Girardi, prior to November 9, 1964, occupied a similar position with plaintiff for sales to motels. Both Robins and Girardi left plaintiff and went with the corporate defendant and are still working for it.
The language quoted above is the pertinent portion of the alleged contracts of Robins and Girardi upon which plaintiff relies. Although a time limit of three years is stated, no definition of a geographical area can be found in either document. Plaintiff can argue, however, that prohibiting other employment in "competition" with plaintiff has the same effect as a *238 geographical limit; that enforcement of a post-employment covenant which specifies an area depends upon the existence of competition in the area, and that here plaintiff seeks to enjoin only what is clearly direct competition.
Defendants contend that the form of covenant relied upon is unenforceable under Hudson Foam Latex Products, Inc. v. Aiken, 82 N.J. Super. 508 (App. Div. 1964). In that case a motion for summary judgment was granted on the ground that the covenant relied upon by Hudson Foam was unreasonably broad and, therefore, unenforceable. Aiken had signed a covenant that for a period of a year after leaving Hudson Foam he would not work as an employee of any business "similar to that of" Hudson Foam. Thus, Aiken's covenant differed from those of Robins and Girardi because it made no mention of competition.
Many cases have dealt with post-employment covenants not to compete. From them it is clear that the courts have attributed much strength to the social policy that every man should be free to earn his own living and have also recognized that an employee who is asked to sign a covenant may not have the full freedom to bargain about its terms that exists in other business situations. In other words, contracts of this type  if they are to be enforced  must pass a stricter test than many other types of contracts; it is not enough to say that the parties signed a document in good faith and are, therefore, bound to respect all of its terms. In the Hudson Foam case the court said:
"* * * The balance is struck thusly: if the contractual prohibition is reasonably necessary for the protection of the employer's business and at the same time is neither unreasonably restrictive of the rights of the employee with regard to time period or territory, nor prejudicial to the public interest, it will be enforced. * * *" (82 N.J. Super., at p. 513)
Plaintiff has not cited any case in which a man has been enjoined from working for a competitor of his former employer in the absence of a contract provision fixing the geographical area in which competition is prohibited. There are *239 cases in which sellers of businesses have been enjoined under covenants against competition reading much like the form of covenant involved here. See Hudson Foam Latex Products, Inc. v. Aiken, supra, at page 514; also Burton, Parsons & Co. v. Parsons, 146 F. Supp. 114 (D.D.C. 1956); but about such contracts the court in Hudson Foam said:
"* * * The substantial disparity in bargaining positions between a seller and a buyer, and an employee and an employer, is more than sufficient to warrant a heavier reliance on the terms of a contract in the former instance than in the latter. * * *" (82 N.J. Super., at p. 514)
A post-employment covenant defining a geographical area broader than that in which the former employer actually did business has been held unenforceable even though the ex-employee carried on competing activities in that part of the defined area where the former employer in fact had been selling his products or services. Creter v. Creter, 52 N.J. Super. 197 (App. Div. 1958). If a covenant which defines too broad an area thus is unenforceable against a former employee who has set up shop virtually next door to his old place of employment, then it appears that a covenant which contains no geographical boundaries at all would not become enforceable merely because nearby and real competition is involved.
It may well be that changes in methods of communication and transportation and other business developments are making it more difficult for many an employer to outline on a map  and define in a contract  the area in which he needs reasonable protection against the competitive efforts of former executive employees, and that changes in this field of the law will evolve to fit new conditions. The present application, however, is for an interlocutory injunction and in the present state of the law must fail.
"* * * No rule of equity is better settled than the doctrine that a complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter *240 of law, unsettled. * * *" Citizens Coach Co. v. Camden Horse R.R. Co., 29 N.J. Eq. 299, 304 (E. & A. 1878)
The substance of what was thus said in 1878 has been reiterated many times in other cases: 15 N.J. Digest 204, "Injunction," Key No. 137(4).
Because the form of covenant on which the plaintiff's complaint is based fails to specify a geographical area, its enforceability is doubtful as a matter of law. On that ground the plaintiff's application for an interlocutory injunction is denied.